IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAYDEN VARLINE, BRIAN RICHARDS,
JONICA RICHARDS, JENSEN RICHARDS,
DANIEL PAUL, ELIZABETH PAUL,
ANNETTE SCHAETZL, TREVOR CUNNINGHAM,
EMILY CUNNINGHAM, RICHARD RUBOW,
MICHAEL HEISE, STACY HEISE,
AMANDA ZASTROW, STEVEN ZASTROW,
SCOTT TOWLE, JESSICA TOWLE,
PERRY REDEKER, RUTH REDEKER,
MATTHEW BRILL, JANET OSTROWSKI,
TOM FELTZ, THOMAS SULESKI,
JERILYN LANDRUM, LANCE KELLY,
JENNIFER KELLY, *and others similarly situated*,

OPINION and ORDER

24-cv-859-jdp

Plaintiffs,

v.

THE 3M COMPANY,

Defendant.

---

Plaintiffs are residents of the Village of Maine, Wisconsin, which is located in Marathon County near Wausau. They are suing defendant The 3M Company for contaminating the local groundwater, including plaintiffs' private wells, with per- and poly-fluoralkyl substances, commonly known as PFAS. Defendants have filed a motion to stay the case pending resolution of defendants' motion before the Judicial Panel on Multidistrict Litigation (JPML) to transfer this case to the multidistrict litigation *In re Aqueous-Film-Forming Foams Products Liability Litigation*, No. 18-mn-2873-RMG (D.S.C). The court will grant the motion. A stay will promote judicial economy and will not unduly prejudice plaintiffs, given that this case is still in the early stages.

ANALYSIS

3M Company seeks to stay this case pending resolution of its motion before JPML to transfer this case to the Aqueous-Film-Forming Foams (AFFF) multidistrict litigation pending in the District of South Carolina. *In re Aqueous-Film-Forming Foams Products Liability Litigation*, No. 18-mn-2873-RMG (D.S.C). A court has inherent authority to stay a case in the exercise of its discretion, considering factors such as judicial economy and prejudice to the parties. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010).

3M Company provides two reasons for a stay. First, 3M Company says that a stay will conserve judicial resources in the event that the case is transferred, which 3M Company says is likely given overlapping factual and legal questions with the multidistrict AFFF litigation. Second, 3M Company says that a stay will not prejudice plaintiffs because this case is still in the early stages and any stay will be short-lived: the Judicial Panel is expected to consider the motion at its May 29, 2025, hearing session and to decide the issue by mid-June.

The court concludes that the balance of interests favors a stay. This court and others have routinely granted stays pending JPML transfer decisions. *See, e.g.*, *Authenticom, Inc. v. CDK Glob., LLC*, No. 17-cv-318-jdp, 2018 WL 816543 (W.D. Wis. Jan. 12, 2018); *Johnson v. Procter & Gamble Co.*, No. 07-C-0159-C, 2007 WL 1319274 (W.D. Wis. Apr. 25, 2007); *Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049 (N.D. Ind. 2008). A stay of a few months will promote judicial economy in the event of a transfer and will not unduly prejudice plaintiffs, given that this case is in the early stages and the preliminary pretrial conference has not yet occurred.

Plaintiffs argue that a stay will not promote judicial economy because the JPML is unlikely to transfer this case. Plaintiffs point out that their complaint specifically states that it

pertains "solely to PFAS and it is not related to AFFF." Dkt. 1, at 2. But JPML has transferred cases explicitly disclaiming damages due to AFFF when those cases involve allegedly contaminated groundwater that is already at issue in an AFFF case. *See, e.g.*, *Transfer Order*, Dkt. 2938 in MDL No. 2873 (U.S. Jud. Pan. Mult. Lit. Oct. 4, 2024). That's the case here. The allegedly contaminated groundwater in this case comes from the same aquifer as the groundwater in an AFFF case brought by the City of Wausau. That case is under consideration for transfer to the multidistrict litigation. If that case is transferred, then JPML may transfer this case as well due to the overlapping factual considerations.

It's at least somewhat likely that JPML will transfer the case, so the court will stay the case until the JPML ruling is issued. The parties are ordered to promptly update the court when the JPML ruling is issued or on August 1, 2025, whichever is earlier.

ORDER

IT IS ORDERED that:

1. Defendant The 3M Company's motion to stay, Dkt. 21, is GRANTED.

2. This case is STAYED pending a ruling by the Judicial Panel on Multidistrict Litigation on the transfer of this case to the multidistrict litigation captioned as *In Re Aqueous Film-Forming Foams Products Liability Litigation*, No. 18-mn-2873-RMG. The parties are ordered to promptly update the court when the JPML ruling is issued or on August 1, 2025, whichever is earlier.

Entered April 21, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge