UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                                           MDL No. 2873

ORDER DENYING TRANSFER

**Before the Panel**:* Defendant 3M Company moves under 28 U.S.C. § 1407(c) to transfer the *Varline* action listed on Schedule A to the District of South Carolina for inclusion in MDL No. 2873. Plaintiffs oppose transfer.

MDL No. 2873 involves allegations that aqueous film-forming foams (AFFFs) used at airports, military bases, or other locations to extinguish liquid fuel fires caused the release of perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA; collectively, these and other per- or polyfluoroalkyl substances are referred to as PFAS) into local groundwater and contaminated drinking water supplies. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018). Plaintiffs in *Varline* are current or former residents of the Village of Maine, Wisconsin, who allege that their private drinking water wells have been contaminated with PFAS from 3M's roofing granule facility in the neighboring City of Wausau and 3M's Greystone facility and quarry in the Village of Maine. They seek to represent a class of other such residents. The complaint expressly states that plaintiffs do not assert a claim relating to AFFF exposure. Because plaintiffs do not allege injury due to AFFF manufacture, use, or disposal, 3M "bears a significant burden to persuade us that transfer is appropriate and will not undermine the efficient progress of the AFFF MDL." Order Denying Transfer at 2, MDL No. 2873 (J.P.M.L. Dec. 18, 2019), ECF No. 541. 3M has not satisfied that burden here.

In support of its motion to transfer, 3M argues that, despite plaintiffs' disclaimer, *Varline* inevitably will present claims and defenses related to alleged AFFF contamination of drinking water. This argument is based in large part on the pendency of an action that the City of Wausau filed directly in the MDL,[1] alleging that its six municipal water wells are contaminated with PFAS from AFFF sources. In support of its motion, 3M provides an expert declaration by John Kondziolka, an environmental engineer, which concludes that both the City of Wausau's municipal wells and some of the private wells in the neighboring Village of Maine draw from the same aquifer (the Wausau aquifer), that the Wausau aquifer is infiltrated by water from the Wisconsin River, and that AFFFs likely have been released into the Wisconsin River from

---

* Judges David C. Norton and Dale A. Kimball did not participate in the decision of this matter.

[1]  *City of Wausau v. 3M Co., et al.*, No. 2:23-cv-02923 (D.S.C.).

- 2 -

firefighting incidents upriver from the Village of Maine and the City of Wausau. 3M thus argues that the *Varline* plaintiffs' drinking water potentially is contaminated with PFAS from AFFF sources and that the City of Wausau's water supply is already at issue in the MDL. Consequently, 3M contends, discovery in the actions will overlap.

Mr. Kondziolka's declaration establishes, at most, that the drinking water of some *Varline* putative class members may be affected by the same contaminants as the City of Wausau's municipal water supply and that both the *Varline* plaintiffs' and the City's water may have been affected by AFFF released into the Wisconsin River. Such a "potential for commingling" of PFAS from AFFF and non-AFFF sources is not sufficient to warrant transfer. *See* Order Vacating Conditional Transfer Order, MDL No. 2873 (J.P.M.L. Aug. 3, 2022), ECF No. 1511. Even if some plaintiffs' private wells and the City of Wausau municipal wells draw water from the same aquifer system, the extent to which any AFFF contamination of that system has affected plaintiffs' wells is speculative. *See* Order Denying Transfer, MDL No. 2873 (J.P.M.L. Mar. 27, 2020), ECF No. 620 (declining to transfer eight actions alleging PFAS contamination of Long Island municipal water supplies; that the plaintiff water suppliers alleged PFAS contamination of an aquifer system already at issue in the MDL did not justify transfer).

3M contends that discovery in *Varline* and *City of Wausau* will overlap, and points to previous orders transferring actions alleging injury from PFAS-contaminated water where the water supply or groundwater involved was at issue in an MDL action. *See, e.g.,* Transfer Order, MDL No. 2973 (J.P.M.L. June 5, 2023), ECF No. 1927 (transferring *Broy* putative class action because plaintiffs alleged "expos[ure] to the PFAS allegedly contaminating the [City of Corona's] water supply," and the City of Corona "is alleging that the water contamination at issue . . . was caused, at least in part, by AFFF"); Transfer Order, MDL No. 2873 (J.P.M.L. Oct. 4, 2024), ECF No. 2938 (transferring *Long* action because plaintiffs' claims arose from PFAS in groundwater that was at issue in municipal water suppliers' MDL suits "alleging that the contaminated groundwater in those municipalities—the same groundwater at issue in *Long*—was contaminated by the use or disposal of AFFFs"). Those orders are not on point. The *Varline* plaintiffs' drinking water is not supplied by the City of Wausau's municipal wells, but rather by private wells, and the extent to which their wells are affected by the same contaminants as the City of Wausau's municipal water supply is disputed.

- 3 -

IT IS THEREFORE ORDERED that the motion for transfer of the action listed on Schedule A to MDL No. 2873 is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| Roger T. Benitez | Madeline Cox Arleo |

**IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION**                    MDL No. 2873

## SCHEDULE A

<u>Western District of Wisconsin</u>

VARLINE, JAYDEN, ET AL. v. THE 3M COMPANY, C.A. No. 3:24-00859