IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAYDEN VARLINE, BRIAN RICHARDS,
JONICA RICHARDS, JENSEN RICHARDS,
DANIEL PAUL, ELIZABETH PAUL,
ANNETTE SCHAETZL, TREVOR CUNNINGHAM,
EMILY CUNNINGHAM, RICHARD RUBOW,
MICHAEL HEISE, STACY HEISE,
AMANDA ZASTROW, STEVEN ZASTROW,
SCOTT TOWLE, JESSICA TOWLE,
PERRY REDEKER, RUTH REDEKER,
MATTHEW BRILL, JANET OSTROWSKI,                          ORDER
TOM FELTZ, THOMAS SULESKI,
JERILYN LANDRUM, LANCE KELLY,                            24-cv-859-jdp
JENNIFER KELLY,
and others similarly situated,

                                  Plaintiffs,
          v.

THE 3M COMPANY,

                                  Defendant.

---

Plaintiffs assert personal injury and property damage claims against defendant The 3M Company, contending that 3M contaminated their groundwater with per- and poly-fluoroalkyl substances, commonly known as PFAS. In a previous order, this court dismissed the personal injury claims for all the plaintiffs who had not alleged a present injury as a result of their exposure to PFAS, concluding that those plaintiffs had not stated personal injury claims under Wisconsin law. Dkt. 53, at 8–10. The court's decision appeared to resolve all claims brought by plaintiffs Jensen Richards and Jerilyn Landrum, so the court gave Richards and Landrum two weeks to show cause why they should not be dismissed from the case.

In their response to the show-cause order, Richards and Landrum raise two arguments why they should not be dismissed. First, they say that they have alleged a present injury,

because they alleged "physical effects consistent with PFAS bioaccumulation, and that is an injury by itself." Dkt. 54, at 2. This argument is essentially a rehash of plaintiffs' response to the motion to dismiss, in which plaintiffs attempted to distinguish *Alsteen v. Wauleco, Inc.*, 2011 WI App 105, 335 Wis. 2d 473, 802 N.W.2d 212, by arguing that the plaintiffs in that case alleged only exposure to toxic substances, whereas the plaintiffs in this case have alleged bioaccumulation of PFAS within their bodies. The court rejected that argument in its order on the motion to dismiss, Dkt. 53, at 10, so it need not revisit the issue here.

Second, Richards and Landrum say that they have suffered present illness due to PFAS exposure, and they ask for leave to amend the complaint accordingly. For support, Landrum and Richards point to testimony that they gave during their depositions in this case. Landrum testified that she has been diagnosed with kidney cysts and is currently being evaluated for suspected bladder cancer, and Richards said that she suffers from multiple conditions, including elevated triglycerides, an ovarian cyst, irritable bowel syndrome, and gastroesophageal reflux disease. The court agrees that these allegations appear to be sufficient for Richards and Landrum to state personal injury claims under Wisconsin law, so it will grant the motion to amend the complaint. Plaintiffs have until April 6 to file a second amended complaint.

ORDER

IT IS ORDERED that:

1. Plaintiffs Jerilyn Landrum and Jensen Richards's motion for leave to amend the complaint, Dkt. 54, is GRANTED.

2.  Plaintiffs have until April 6, 2026, to file a second amended complaint.

Entered March 30, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge